IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | *SDAL CRIM. No. 1:22-cr-00054-KD* |
| | ) | |
| v. | ) | CRIMINAL NO. 2:21-00702 |
| | ) | |
| MELVIN HENRILLIEN | ) | |

## PLEA AGREEMENT

The defendant, **MELVIN HENRILLIEN**, represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

## RIGHTS OF THE DEFENDANT

1.    The defendant understands his rights as follows:

    a.    To be represented by an attorney;

    b.    To plead not guilty;

    c.    To have a trial by an impartial jury;

    d.    To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

    e.    To not be compelled to incriminate himself.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

2.    The defendant waives rights b through e, listed above, and pleads guilty to Count One of the Indictment, charging a violation of Title 18, United States Code, Section 758, High Speed Flight from Immigration Checkpoint.

1

3.      The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4.      The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5.      The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing that will follow.

6.      The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge that has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offense.

7.      The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8.      The defendant recognizes that pleading guilty may have consequences with respect to immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which he

2

is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

9.    A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

10.    This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

11.    The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## PENALTY

12.     The maximum penalty the Court could impose as to Count One of the Indictment is:

    a.    Five (5) years' imprisonment;

    b.    A fine not to exceed $250,000;

    c.    A term of supervised release of three (3) years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    A mandatory special assessment of $100.00; and

    e.    Such restitution as may be ordered by the Court.

## SENTENCING

13.     The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

14.     The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any

4

particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

15. The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

16. Both the defendant and the United States are free to allocute fully at the time of sentencing.

17. The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## FORFEITURE

18. The defendant agrees to confess the forfeiture to the United States of all properties that represent proceeds of his criminal activities or that facilitated any aspect of these illegal activities.

## FINANCIAL OBLIGATIONS

19. The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to disclose

fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

### UNITED STATES' OBLIGATIONS

20.   The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment and will move to dismiss any remaining charges against the defendant once sentence is imposed in this case. This agreement is limited to the United States Attorney's Office for the Southern District of Texas and does not bind any other federal, state, or local prosecuting authorities.

21.   The United States will recommend to the Court that the defendant be sentenced at the low end of the advisory sentencing guideline range as determined by the Court.

### LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

22.   As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

   a.   **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

      (1)   any sentence imposed in excess of the statutory maximum;

       (2)    any sentence which constitutes an upward departure or variance from the advisory guideline range.

    The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

23. If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

24. The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

25. If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

### VIOLATION OF AGREEMENT

26. The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

27. In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he

7

violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

### ENTIRETY OF AGREEMENT

28.     This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,

JENNIFER LOWERY
ACTING UNITED STATES ATTORNEY

Date: 3/23/22

Christopher Marin
Assistant United States Attorney

I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 3-16-2022

Melvin Henrillien
Defendant

8

I am the attorney for the defendant.  I have fully explained his rights to him with respect to the offense charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 3-16-2022

LaWanda J. O'Bannon
Attorney for Defendant

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | *SDAL CRIM. No. 1:22-cr-00054-KD* |
| ) | |
| **v.** ) | **CRIMINAL NO. 2:21-00702** |
| ) | |
| **MELVIN HENRILLIEN** ) | |
| ) | |

<u>**FACTUAL RESUME**</u>

The defendant, **MELVIN HENRILLIEN** ("HENRILLIEN"), admits the allegations of

Count One of the Indictment.

<u>**ELEMENTS OF THE OFFENSE**</u>

**HENRILLIEN** understands that in order to prove a violation of Title 18, United States

Code, Section 758, as charged in Count One of the Indictment, the United States must prove:

First:     The defendant intentionally and knowingly fled or evaded a checkpoint
           operated by the Immigration and Naturalization Service, or any other
           Federal law enforcement agency, in a motor vehicle; and

Second:    The defendant fled Federal, State, or local law enforcement agents in excess
           of the legal speed limit.

<u>**OFFENSE CONDUCT**</u>

**HENRILLIEN** admits in open court and under oath that the following statement is true

and correct and constitutes evidence in this case. This statement of facts is provided solely to assist

the Court in determining whether a factual basis exists for **HENRILLIEN's** plea of guilty. The

statement of facts does not contain each and every fact known to **HENRILLIEN** and to the

United States concerning the defendant's involvement in the charges set forth in the plea

agreement. All dates, times, amounts, and locations referenced below are approximations.

1

On June 21, 2021, U.S. Border Patrol ("USBP") agents were performing inspection duties at the Javier Vega, Jr. USBP checkpoint located south of Sarita, Texas. USBP, a component of U.S. Customs and Border Protection, is a Federal law enforcement agency. The Sarita checkpoint is located within the Southern District of Texas, Corpus Christi Division.

At 9:38 am on June 21, 2021, a black 2016 Toyota Camry bearing Texas license plates approached the primary inspection area at the Sarita checkpoint. USBP agents later identified the driver of the Camry as **HENRILLIEN**. As the Camry approached a USBP agent at the primary inspection area, **HENRILLIEN** would not make eye contact with the agent and continued to drive past the agent at a slow pace. The agent had to yell at **HENRILLIEN** to get him to stop the Camry. When the agent asked **HENRILLIEN** where he was traveling to, a USBP K9 alerted for the presence of contraband in the Camry. The USBP K9's handling agent told the primary agent to stop the Camry due to the alert. The K9 handling agent looked in the rear window of the Camry and noticed a blanket and a foam spare tire lying in the backseat, which in the agent's training and experience was common among smugglers utilizing a vehicle's trunk to make more room inside the trunk.

Agents asked **HENRILLIEN** to open the trunk of the Camry. **HENRILLIEN** complied. When the K9 handling agent began to look in the trunk area of the Camry, **HENRILLIEN** sped away from the primary area of the USBP checkpoint at a high rate of speed. Agents yelled at **HENRILLIEN** to stop, but **HENRILLIEN** continued to speed away from the checkpoint.

USBP agents pursued **HENRILLIEN** northbound on U.S. Highway 77 toward Sarita. As **HENRILLIEN** fled the USBP checkpoint, he drove at speeds over 100 miles per hour in an area where the posted speed limit was 75 miles per hour. **HENRILLIEN** continued at high speeds for 9 miles until he stopped the Camry at a highway rest area south of Sarita. There, USBP agents

2

took **HENRILLIEN** into custody without further incident and transported him back to the Sarita checkpoint.

As agents took **HENRILLIEN** into custody, **HENRILLIEN** told them that he fled because he knew he had a pending arrest warrant. At the time that he fled from the Sarita checkpoint, **HENRILLIEN** had absconded from pretrial supervision in a robbery case pending in the United States District Court for the Southern District of Alabama. *See United States* v. *Melvin Henrillien*, No. 1:20-cr-00130-KD (S.D. Ala.). Agents searched the Camry and found two metal grinders containing a small amount of marijuana residue on them.

As part of his guilty plea in this case, **HENRILLIEN** admits that (1) he intentionally and knowingly fled and evaded a USBP checkpoint in a motor vehicle; and (2) he fled Federal law enforcement agents in excess of the legal speed limit. Pursuant to Federal Rule of Criminal Procedure 20, **HENRILLIEN** consents to the transfer of this case to the United States District Court for the Southern District of Alabama for a guilty plea and sentencing.

AGREED TO AND SIGNED.

Respectfully submitted,

JENNIFER LOWERY
ACTING UNITED STATES ATTORNEY

Date: 3/23/22

Christopher Marin
Assistant United States Attorney

Date: 3-16-2022

Melvin Henrillien
Defendant

3

Date: 3-16-2022

LaWanda J. O'Bannon
Attorney for Defendant